McMAHON, assignee &c. vs. ALLEN.

One who has conveyed real estate to another, by deed, and who has a right of action against the grantee to have the conveyance declared void, and set aside, on the ground of fraud, undue influence, inadequacy of price, &c. cannot, without possession and without any present estate or interest, assign such right of action to another, so as to enable the assignee to bring an action in his own name, to set aside the conveyance.

The provision of the code, that " every action must be prosecuted in the name of the real party in interest," was not intended, and has not had the effect, to make things in action or rights of action assignable which were not before assignable even in equity ; but was intended to give to the assignee of a thing in action which *was assignable* in equity, a right to.sue in his own name.

A mere personal right to avoid a deed on the ground that the grantor has been defrauded, cannot be called a chose in action, within the most extended definition of that phrase.

APPEAL by the defendant from a judgment entered on the report of a referee, upon exceptions taken on the trial and after the making of the report. The action was commenced by the plaintiff, Dennis McMahon, jun. as assignee, under an assignment executed by Charles T. Harrison, in trust for the benefit of creditors, and was brought for the purpose of setting aside a conveyance previously executed by Harrison to the defendant of certain real estate therein described. The referee found—1: That Charles T. Harrison, on the 22d day of March, 1852, was owner of a life estate in the lot and buildings known as No. 694 Houston street, in the city of New York, as tenant in common with his brother Samuel C. Harrison, on which premises was a mortgage of $5000, and they were worth, over and above said mortgage, $5000 ; and the value of said Charles T. Harrison's life interest in the same was about $1800. 2. That on the said 22d day of March, the defendant was indebted to Charles T. Harrison in about the sum of $500, for moneys received by the defendant belonging to the said Charles T. Harrison, being in part proceeds of the interest of the said Charles T. Harrison in a surplus arising from the sale of certain mortgaged premises, No.

14 Charles street, in the city of New York, in which said Charles T. Harrison had an estate in fee simple, and in part of rents of said premises, and of said lot No. 694 Houston street, collected by the defendant for said Charles T. Harrison, without any express authority for so doing, but in collecting which he assumed to act and did act as his agent. 3. That on said last mentioned day, Charles T. Harrison owned an interest in certain trusts under his mother's will of personal estate, which might under some circumstances be of considerable value. 4. That at the time last mentioned, and for about seven years previous thereto, the said Charles T. Harrison was and had been a mariner, following the navigation of the high seas for a livelihood; was about 25 years of age, and had acquired reckless and improvident habits; was unacquainted with business affairs as transacted on land; was easily led and persuaded to do foolish and improvident acts, and on said 22d day of March, 1852, was needy and in want. 5. That at and before said 22d day of March, 1852, the defendant stood in a fiduciary relation to said Charles T. Harrison, having assumed to act, and having acted as his agent in the collection of his interest in the rents of 694 Houston street and No. 14 Charles street, and in receiving the surplus aforesaid, though without express authority for so doing, and had been the agent in fact of the executor of the will of the mother of Charles T. Harrison, and which executor, by the will, was trustee of various personalty directed to be invested for the said Charles T. Harrison and his brother. 6. That the conveyance and deed, mentioned in the pleadings, executed by Charles T. Harrison, bearing date the 22d of March, 1852, was obtained by the defendant by unjust and inequitable means; that Charles T. Harrison was ignorant of business, ignorant of the situation and value of his property, unacquainted with the state of accounts between him and the defendant, and utterly unable of himself to investigate and ascertain his rights; that he had no counsel to advise and assist him; that all those circumstances were known to the

defendant; that the defendant did not disclose, but concealed the true state of the accounts between him and Charles T. Harrison; that Charles T. Harrison was destitute of money, and a reckless, improvident and dissipated sailor, all of which was known to the defendant; that Charles T. Harrison was drawn into the bargain, which resulted in the deed of March 22, 1852, by the defendant; and that the consideration paid by the defendant for the said deed was grossly inadequate; and finally, that the conduct of the defendant in obtaining and taking said deed was inequitable and fraudulent. 7. That the sums actually paid by said defendant to Charles T. Harrison therefor were, in gross, about the sum of $1100, of which Harrison received about $700 in money, $150 in a gold watch, and $250 was paid to the counsel of the defendant, for which Harrison derived no benefit or value. That the actual value of the estate so conveyed, in addition to the indebtedness so existing from the defendant to the said Charles T. Harrison, was at least $2300, and under some contingencies was worth a much larger sum. That at the time of such conveyance to the defendant, there were creditors of the said Charles T. Harrison, amounting to at least $600, who were prejudiced thereby, the said Charles T. Harrison himself being guilty of no fraud in making such conveyance. 8. That on the sixth day of August, 1852, the said Charles T. Harrison, by deed of assignment, conveyed to the plaintiff, for the benefit of his creditors, all and singular his estate, real and personal, and his rights of action, with full power to sue for, and collect the same, which assignment the plaintiff accepted and acted upon. 9. That on the third day of September, 1852, the defendant, by a further imposition and fraud practiced upon the said Charles T. Harrison, procured from him, for a trifling consideration, a paper writing, attempting to revoke said assignment to the plaintiff. From which facts the referee found as conclusions of law: 1st. That Charles T. Harrison possessed a vendible interest in the premises 694 Houston street, above described; also in

McMahon *v.* Allen.

the indebtedness due him from the defendant; also in the personal estate of his mother under her will and codicil, which he could convey and release; and that even if he had no such vendible interest, that the defendant was estopped by his acts and declarations from averring that Charles T. Harrison had no such right to convey or release. 2d. That the conveyance and release by Charles T. Harrison of such estate, interest and indebtedness to the defendant was void, because of the fraudulent acts and concealment of the defendant, in inducing and procuring the same to be made; and also because of the fiduciary relation in which the defendant stood to the said Charles T. Harrison, the consideration being inadequate; and also because the said Harrison was a mariner, and the bargain was a bargain made with an inadequate consideration; and also because at the time the same was made the said Harrison was needy and in want, and was unacquainted with the nature and extent of his said interest in his mother's estate; and the defendant took advantage of the same, and concealed from him the true situation and value of said interest, and that the allegations of the complaint in that behalf, in this cause, are fully proven therein. 3d. That the plaintiff, as assignee for the general benefit of creditors, under the assignment to him by said Charles T. Harrison, was entitled to maintain this action, and to have the said conveyance set aside, and the property and rights reconveyed by the defendant to the plaintiff, as such assignee, and to have the defendant account and pay over to him, as such assignee, the sums of money which the defendant owed said Charles T. Harrison at the time of such conveyance, and also any sums of money, rents, or interest of moneys which the defendant had received of and from the said premises so conveyed, before or since that conveyance, belonging to the said Charles T. Harrison, or to the plaintiff, as his assignee, after deducting the moneys and value of the watch received by Charles T. Harrison, of the defendant, as a consideration for such conveyance thereby set aside; the principles of which ac-

counting, and the decree thereon, were settled in the report. 4th. The referee further found, as a matter of law, the paper writing procured by the defendant, of the said Charles T. Harrison, the third of September, 1852, revoking such deed of assignment, to be fraudulent and void, and inoperative, and ineffectual for that purpose. 5th. That the plaintiff was entitled to recover his costs and disbursements in this action against the defendant, to be adjusted.

*Albert Mathews*, for the appellant.

*D. McMahon*, respondent, in person.

*By the Court*, SUTHERLAND, J. If Charles T. Harrison could assign the alleged cause of action in this case to the plaintiff, so that the latter could bring this action *in his own name*, I am inclined to think it passed to the plaintiff by the assignment, although that instrument certainly does not in express terms assign, or purport to assign to the plaintiff, the assignor's alleged right to have his previous conveyance to the defendant, Thomas E. Allen, declared void and set aside on the ground of fraud. But assuming that Charles T. Harrison, at the time of his assignment to the plaintiff, had this cause or right of action, so that *he*, by an action in his own name, could have had his conveyance to the defendant declared void and set aside on the ground of fraud, undue influence, inadequacy of price, &c., could Charles T. Harrison assign that cause or right of action to the plaintiff so that the plaintiff could bring the action in his own name?

I shall examine this question in the first instance; for if the plaintiff's alleged cause of action in this case was not susceptible of assignment, and therefore did not and could not pass to him under the assignment, the judgment below must be reversed on that ground alone, and it will not be necessary to examine or pass upon any other question in the case.

McMahon *v.* Allen.

The deed from Charles T. Harrison to the defendant purports to convey all the share, right, title and interest of the said Charles T. in or to the estate, real and personal, of his late mother, Ruth S. Rathbone, deceased, as devisee or otherwise, describing certain choses in action, and certain real estate, to wit, a lot on Houston street, and mentioning certain moneys as belonging to said estate.

The referee, to whom this action was referred, finds as facts—that Charles T. Harrison, on the 22d day of March, 1852, (date of deed to the defendant,) was owner of a life estate in the lot and buildings known as No. 694 Houston street, as tenant in common with his brother Samuel C. Harrison; and that he also had an interest in certain trusts under his mother's will of personal estate, which might under some circumstances be of considerable value; and that the defendant was indebted to Charles T. Harrison in about the sum of $500 for the interest of the said Charles T. in certain surplus moneys on a sale of certain mortgaged premises. The referee does not find, nor does the evidence show, that Charles T. Harrison had any other property, right, estate or interest which his deed to the defendant could or did convey or release.

The referee finds the value of the life interest in the Houston street lot to have been $1800, and the value of the whole estate or property conveyed, in addition to the indebtedness of the defendant to Charles T. Harrison, to have been $2300.

The plaintiff's cause of action, if he has any, must be considered to be a right to have the conveyance from Charles T. Harrison to the defedant set aside as fraudulent and void; for the other and further relief asked for is asked for and can only be granted as incident to, or following from, the principal or main relief; which is to have the conveyance set aside, so that the plaintiff can have the reconveyance and other relief asked for.

Assuming that the deed was fraudulently obtained by the

defendant from Charles T. Harrison, or obtained under circumstances which would authorize a court of equity to declare it void, yet it was not void, but *voidable*, when Charles T. Harrison made his assignment or conveyance to the plaintiff, and must remain voidable until so declared to be void. (*Anderson* v. *Roberts*, 18 *John.* 515. *Somers* v. *Brewer*, 2 *Pick.* 184. *Burley* v. *Bigelow*, 12 *id.* 312.) A bona fide purchaser from the defendant without notice would have acquired a good title. (*Jackson* v. *Henry*, 10 *John.* 186. *Jackson* v. *Walsh*, 14 *id.* 414. *Mowrey* v. *Walsh*, 8 *Cowen*, 238.) Charles T. Harrison then, at the time of his assignment or conveyance to the plaintiff, had neither the possession of, nor any estate or interest in, the property or things he had conveyed or released to the defendant, but only a naked right of action to have his conveyance to the defendant declared void, so that he could be reinvested with his former rights and interests. Could he, without possession and without any present estate or interest, assign his mere right to have his conveyance to the defendant declared void? That is the question. Can his assignee, the plaintiff, bring an action in his own name for that purpose? It may be conceded that the conveyance or assignment by Charles T. Harrison to the plaintiff was and is valid and operative, so as to vest in the plaintiff all the estate and rights of Harrison in the property, when in an action by or in the name of Harrison his conveyance to the defendant shall be declared void; but it by no means follows that such conveyance to the plaintiff also gives him a right to bring an action to avoid Harrison's conveyance to the defendant. The right to bring an action is not necessarily included in the right to purchase. I do not see why damages, to be recovered for an assault and battery or other personal tort, in the name of the party injured, cannot be assigned. A deed of lands held adversely is good between the parties to it, although void as to the party holding adversely. It is good against the grantor and his heirs; but it cannot be enforced in the name of the grantee,

although he may enforce it in the name of the grantor. (*Livingston* v. *Proseus*, 2 *Hill*, 528. *Cameron* v. *Irwin*, 5 *id*. 282. *Keneda* v. *Gardner*, 3 *Barb. S. C. R.* 593.) I do not think it can properly be said to have been decided in *Livingston* v. *The Peru Iron Co.* (9 *Wend.* 512,) cited by the plaintiff, as the head note would lead one to suppose, that an adverse possession could not be founded on a deed fraudulently obtained; that is, upon a deed voidable merely, not void; but if it was so decided in that case, such decision was reversed or disapproved of in *Humbert* v. *Trinity Church*, (24 *Wend.* 610–635, &c.)

A subsequent conveyance by the grantor of a deed obtained by fraud, would be void as to the party in possession claiming title under the fraudulent deed, so as to protect him from an action in the name of the second grantee, but good between the parties, so as to convey the lands and the grantor's estate therein, when the fraudulent deed should be declared void and a reconveyance decreed in an action in the name of the grantor. Independent of the question of adverse possession, the court of appeals held in *Nicoll* v. *The New York and Erie Rail Road Co.* (2 *Kern.* 121,) that a mere naked right of entry could not be assigned.

The provision of the code, that "every action must be prosecuted in the name of the real party in interest," was not intended, and has not had the effect, to make things in action or rights of action assignable which were not then assignable even in equity, but was intended to give the assignee of a chose or thing in action which was assignable in equity, a right to sue in his own name. (*McKee* v. *Judd*, 2 *Kern.* 622. *The People* v. *Tioga Com. Pleas*, 19 *Wend.* 73.)

I do not think that Charles T. Harrison's personal right to avoid his deed to the defendant on the ground that *he* had been defrauded, can be called a chose in action within the most extended definition of that phrase. To say that the plaintiff is the party in interest, and therefore can bring the action in his own name, is assuming the very thing in ques-

tion. If the deed from Charles T. Harrison to the defendant was voidable merely, not void, then Charles T. Harrison had no interest to assign to the plaintiff, and the question is, whether he could assign to the plaintiff his right to avoid the conveyance for fraud, so that he might have an interest, which might pass to the plaintiff under the conveyance or assignment to the plaintiff.

In *Prosser* v. *Edmonds*, (1 *Young & Coll. Ex. Rep.* 481,) it was held that a mere right of action to avoid a conveyance for fraud on the assignor himself, was not assignable in equity, upon the ground that to allow it to be so assignable would be contrary to sound policy as indicated by laws against champerty and maintenance. (*See also Story's Eq. Jur.* § 1040.)

As the theory of the plaintiff's complaint and of his whole case is, that the deed from Charles T. Harrison to the defendant was void as to Harrison, on the ground that he was defrauded, not that it was void as to the creditors of Harrison, on the ground that it was made and accepted with intent to defraud his creditors, it is hardly necessary to say that on this question of assignability, it is quite immaterial whether the plaintiff is a bona fide purchaser for value, or a mere voluntary assignee for the benefit of creditors. If the plaintiff should be considered as a mere voluntary assignee for the benefit of creditors, the cases cited by the counsel of the defendant to show that such voluntary assignee cannot impeach a conveyance of his assignor as fraudulent against creditors, have no application to the question of the right of the plaintiff to bring this action in his own name, for a conveyance to defraud creditors is good and valid as to both the parties to it; but this action was brought upon the theory that the deed to the defendant was good as to him but void as to Charles T. Harrison, the plaintiff's assignor, and I have assumed this to be so, in looking at this question of assignability. A deed void as to one of the parties to it, but valid as to the other, cannot be said to be absolutely void, but voidable. (*Ander-*

McMahon *v.* Allen.

*son* v. *Roberts,* 18 *John.* 515, *before cited. Bac. Abr. title Void and Voidable.*)

As the assignment by Charles T. Harrison to the plaintiff was made, and this action was commenced, long before the act of April 17th, 1858, declaring and extending the powers of assignees, receivers, &c. " to protect the rights of creditors and others against frauds," &c. was passed, it is plain, whatever may be the construction or effect of that act, that it could not give the plaintiff a right to bring this action in his own name, and does not relieve his case from the question of assignability.

It may be conceded that the right to avoid a conveyance of real estate, or a contract as to personalty, for fraud, would survive to the heir, devisee, or executor of the party defrauded; but I do not see that the fact of such involuntary transfer or right of survivorship by force of the law can have much weight on the question of voluntary assignability in this case.

The statute against champerty does not apply to devises. A devise is good notwithstanding an actual disseisin. (*Varick* v. *Jackson,* 2 *Wend.* 167.)

A mere right of entry survives to the heir or devisee. The executor may have a right to avoid a contract as to personalty made by the testator, on the ground that the testator had been defrauded, without interfering with the principle upon which laws against champerty proceed, or the sound policy indicated by them.

Upon the whole, I am of the opinion that Charles T. Harrison could not assign to the plaintiff the right to bring this action in his own name; and that the judgment below should be reversed and a new trial ordered, with costs to abide the event.

Judgment accordingly.

[NEW YORK GENERAL TERM, February 4, 1861. *Clerke, Sutherland* and *Allen,* Justices.]