RICHARD S. JONES, Plaintiff in Error, *v.* LIECESTER BABCOCK ET AL., Defendants in Error.

February 12, 1884.

EQUITY — NON-ASSIGNABLE CAUSE OF ACTION. — A naked right to bring an action in equity to set aside a foreclosure under a deed of trust on the ground of fraud on the part of the trustee is not assignable.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Affirmed.*

JONES & DELANO, for the plaintiff in error: The sale was fraudulent *per se*, and was concealed from plaintiff and his grantors until March, 1880. The statute does not run in cases of concealed fraud.— *Damschroeder* v. *Thias*, 51 Mo. 100; *Blair* v. *Bromley*, 2 Phil. 354; *Martin* v. *Smith*, 1 Dill., 95. The policy of the law forbids that a trustee shall become a purchaser, directly or indirectly, at his own sale; and if he does, such sale may and will be set aside, on the proper and reasonable application of the parties interested. — *Richardson* v. *Jones*, 3 Gill & J. 184; *Haddix* v. *Haddix*, 5 Litt., 203; *The State* v. *Reed*, 4 H. & McH., 6. In suits to redeem from a sale, in which the trustee has been the purchaser, the fairness or unfairness of the transaction and the wrong or injury are not legitimate subjects of inquiry.— *Dwight* v. *Blackmar*, 2 Mich. 334; *Miles* v. *Wheeler*, 43 Ill. 123; *Dobson* v. *Racey*, 3 Sandf. Ch. 61.

SMITH & HARRISON, for the defendants in error: The conveyance, at furthest, only transferred the equity or right to have the deed of the trustee set aside for fraud, and to be let in to redeem on the ground of alleged fraudulent acts of the trustee.— *McMahon* v. *Allen*, 34 Barb. 756; *Prosser* v. *Edmonds*, 1 You. & Coll. 481; *Smith* v. *Harris*, 43 Mo. 557; Cro. Eliz. 445; *French* v. *Shotwell*, 5 Johns. Ch. 555, 566.

THOMPSON, J., delivered the opinion of the court.

We shall affirm the judgment in this case upon the sole ground that the bare right to complain of a fraud is not a vendible commodity. "It has always been held," said Bliss, J., "that the assignment of a bare right to file a bill in equity, for fraud upon the assignor, is void, as against public policy, and savoring of the character of maintenance." *Smith* v. *Harris*, 43 Mo. 557, 562. He cited to the point, Story Eq. Jur.(sect. 1040 h); *Prosser* v. *Edwards* (1 You. & Coll. 481); *Morrison* v. *Deaderick* (10

Humph. 342), and *McMahon* v. *Allen* (34 Barb. 56), all of which sustain this doctine, as do other cases.    In *McMahon* v. *Allen* (*supra*), it was held that one who has conveyed real estate, and who is entitled to have the conveyance set aside on the ground of fraud, can not so assign his naked right of action that his assignee may sue in his own name.    The conveyance is voidable, not void, and the right to avoid it is not an assignable chose in action.    Of course, the case is different where the assignment is of something in the nature of property.    Here the assignee takes not only the thing assigned, but whatever is necessary to enable him to possess and enjoy the same.    Thus, we have held that the assignment of a judgment enables the assignee to maintain a suit in equity against the judgment debtor to set aside a prior conveyance of property in fraud of his creditors. *Lionberger* v. *Baker*, 14 Mo. App. 353.

If the present case does not fall within the rule, then there is no such rule.    The case charged, in substance, is that Frances J. Jones, and Richard S. Jones, her husband, had made certain conveyances in trust to the defendant, Leicester Babcock, to secure certain debts; that Babcock, in 1874, secretly purchased the notes thereby secured, advertised the property for sale, sold the same as trustee, and caused it to be bid in in the name of the *cestui que trust*, but really for himself; that this fraud was not discovered until March, 1880 ; and that in May, 1880, Frances J. Jones and Richard S. Jones conveyed, by quit-claim deed, their right, title, and interest in the premises thus sold under these deeds of trust, to this plaintiff.

What did this quit-claim deed convey to this plaintiff beyond the bare right to prosecute a suit in equity to set aside a trustee's sale on the ground of fraud?    That was all the grantors had to convey ; and while they could have asserted such a right themselves, they could not assign it to another.    It is different from the case where a party is out of possession and another party in possession under a

deed which is wholly void, as a deed of a married woman which has not been properly acknowledged. Here, no title has passed; but the trustee's sale in question was not void in the sense that no title passed to the purchaser; it was merely voidable at the election of the parties prejudiced thereby, in case they should seasonably invoke the aid of a court of equity to that end.

The judgment is affirmed. All the judges concur.